UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES O'NEAL SLOAN, | : | CIVIL NO: 4:13-CV-00916 |
| Petitioner | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| WARDEN, FCI-ALLENWOOD, | : | |
| Respondent | : | |

# **REPORT AND RECOMMENDATION**

**I. Introduction.**

In this 28 U.S.C. § 2241 habeas corpus petition, the petitioner, James O'Neal-Sloan, is challenging his criminal sentence. Because he may not challenge his sentence by way of a § 2241 habeas petition, we recommend that the petition be dismissed.

**II. Background and Procedural History.**

In 2003, a grand jury in the United States District Court for the Middle District of Pennsylvania returned a two-count superseding indictment against O'Neal-Sloan charging him with (1) unlawfully manufacturing, distributing, and possessing with the intent to manufacture and distribute "50 grams and more of

cocaine base, a/k/a "crack", a Schedule II controlled substance" in violation of 21 U.S.C. § 841(a)(1); and (2) knowingly possessing ammunition after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). *United States v. O'Neal-Sloan,* 1:03-cr-00004-SHR-1 (M.D.Pa.)(doc. 24). A jury found O'Neal-Sloan guilty of those charges, and in March of 2004, Judge Rambo sentenced O'Neal-Sloan to term of 360-months imprisonment on Count I and a concurrent term of 120-months imprisonment on Count II. *Id.* at Docs. 53 & 74.

In April of 2004, O'Neal-Sloan filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Id.* at Doc.77. Judge Rambo denied that motion and declined to issue a certificate of appealability, and the United States Court of Appeals for the Third Circuit also declined to issue a certificate of appealability. *Id.* at Docs. 81 & 90.

In May of 2008, O'Neal-Sloan filed a motion to reduce his sentence under 18 U.S.C. § 3582, which Judge Rambo denied. *Id.* at Docs. 96, 107 & 108. O'Neal-Sloan appealed, and the Third Circuit affirmed Judge Rambo's order denying O'Neal-Sloan's motion to reduce his sentence. *United States v. O'Neal-Sloan,* 371 F.Appx. 298 (3d Cir. 2010).

In 2010, O'Neal-Sloan filed a motion to dismiss the criminal charges, which motion Judge Rambo denied. *United States v. O'Neal-Sloan,* 1:03-cr-00004-SHR-1 (M.D.Pa.)(Docs. 119 & 120). Judge Rambo also denied O'Neal-Sloan's later

motions to vacate her order denying the motion to dismiss, and the Third Circuit denied a certificate of appealability. *Id.* at Docs. 122, 125, & 133.

In April of 2013, O'Neal-Sloan filed the current 28 U.S.C. § 2241 habeas petition claiming that Judge Rambo denied him due process and equal protection of the law in connection with his sentencing. He seeks and order vacating his sentence and ordering that he be resentencing under the Cocaine, instead of the Crack, guidelines.

**III. Discussion.**

A federal prisoner generally must use 28 U.S.C. § 2255 to collaterally attack his conviction or sentence on constitutional grounds. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002). He "can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention." *Manna v. Schultz,* 454 Fed.Appx. 31, 33 (3d Cir. 2010).

28 U.S.C. § 2255 establishes a one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). Also, before a second or successive § 2255 motion may be considered by the district court, it must be certified by a three judge panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

3

  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

  A motion under § 2255 is inadequate or ineffective only if "'some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971)(quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." *Id.* at 538. The petitioner has the burden of proving that the remedy afforded by § 2255 is inadequate or ineffective. *Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001).

  "The "safety valve" provided under § 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law." *Brown v. United States*, 413 F. App'x 514, 516 (3d Cir. 2011). In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997),

the Third Circuit addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a second or successive § 2255 motion. *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), in which the Court held that a defendant may not be convicted of using a firearm under 18 U.S.C. § 924(c) unless the government proves that the defendant "actively employed the firearm during and in relation to the predicate crime." *Dorsainvil,* 119 F.3d at 246-47 (quoting *Bailey,* 516 U.S. at 509). After the *Bailey* decision, the petitioner in *Dorsainvil* filed an application to file a successive § 2255 motion claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined is not illegal. *Id.* at 247. The Third Circuit held that a prisoner who was convicted and filed his first § 2255 motion before the *Bailey* decision may not file a second § 2255 motion based on *Bailey* because the second motion based on *Bailey* does not present a claim of newly discovery evidence or a claim based on a new rule of constitutional law—the two situations in which § 2255 may allow a second or successive § 2255 motion. *Id.* at 247-48. Therefore, such a motion does not meet the stringent requirements created by the Antiterrorism and Effective Death Penalty Act for filing a second § 2255 motion. *Id*. at 248. The Third Circuit went on to hold, however, that although a prisoner may not file a second § 2255 motion based on

5

*Bailey,* he may file a 28 U.S.C. § 2241 habeas corpus petition. *Id*. at 251. The Third Circuit cautioned, however, that its holding was narrow:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.

*Id.*

The petitioners in *Dorsainvil* and similar cases were allowed to present their claims that they were imprisoned for conduct that the Supreme Court had determined is not illegal (actual innocence claim) in a § 2241 petition because they did not have a procedural opportunity to raise their claim in a § 2255 motion since they had filed a § 2255 motion prior to the *Bailey* decision and did not meet the requirements for filing a second § 2255 motion after *Bailey*. It was the fact that the petitioners in *Dorsainvil* and other similar cases did not have a procedural opportunity to raise their claims of actual innocence that led the courts in those cases to allow 28 U.S.C. § 2241 petitions. "In other words, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his

conviction can he avail himself of § 2241." *Donato v. Warden of U.S. Penitentiary*, 519 F. App'x 113 (3d Cir. 2013).

O'Neal-Sloan has not demonstrated that § 2255 is an "inadequate or ineffective" remedy under the circumstances presented here. While O'Neal-Sloan attempts to cast his claim as a claim of actual innocence, he does not challenge his conviction on the ground that an intervening change in the law has rendered his actions non-criminal. Rather, O'Neal-Sloan raises claims relating to his sentencing, claims that he could have raised in either a direct appeal or a §2255 motion. Although O'Neal-Sloan may now be barred from filing a second or successive § 2255 motion, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539.

A sentencing claim such as presented by O'Neal-Sloan is not the type of claim that a federal prisoner can bring by way of a § 2241 habeas petition. So, we will recommend that the petition for a writ of habeas corpus be dismissed.

**IV. Recommendation.**

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

7

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of October, 2013.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
