IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES O'NEAL-SLONE, | : | Civil Action No. 4:13-CV-0916 |
| Petitioner, | : | (Judge Brann) |
| v. | : | |
| WARDEN *FCI-Allenwood-Medium*, | : | |
| | : | (Magistrate Judge Schwab) |
| Respondent. | : | |

**ORDER**

January 29, 2014

**BACKGROUND:**

Petitioner, James O'Neal-Sloane, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 requesting that he be re-sentenced. April 11, 2013, ECF No. 1.

Petitioner's demand is not entirely clear. It appears from the Petition that he may be demanding a reduced sentence pursuant to The Fair Sentencing Act of 2010, Pub. L. 111-220 and the corresponding amendments to the United States Sentencing Guidelines tables, colloquially known as the crack/cocaine amendments. However, in his objections to the report and recommendation he also argues pursuant to *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 186 L.

Ed. 2d 314 (2013), that there were facts that increased his statutorily prescribed mandatory minimum sentence that must be submitted to the jury.

Either way, a § 2241 petition is not the proper avenue to pursue either of his arguments. Section 2241 permits a post-conviction challenge by an inmate who alleges a defect in the execution of his sentence, as opposed to a constitutional defect in the underlying conviction or sentence. *See, e.g., United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). On the other hand, § 2255 permits a defendant convicted in federal court to challenge his conviction and/or sentence on constitutional grounds. *See, e.g. United States v. Hayman*, 342 U.S. 205 (1952). A Motion to Reduce Sentence pursuant to 18 U.S.C. 3582(c)(2) would be the proper avenue to pursue a reduction pursuant to the crack-cocaine amendments.

Accordingly, the instant petition is the improper vehicle through which Petitioner could pursue his claims and, accordinly, will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge Susan E. Schwab's Report and Recommendation is ADOPTED in full. ECF No. 10

2. The Petition for Writ of Habeas Corpus is DENIED. ECF No. 1.

3. Petitioner's Motion for Leave to Supplement Pleadings is DENIED. ECF No. 11.

4. There is no basis for a certificate of appealability.

5. The clerk is directed to close the case file.

BY THE COURT:


  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge